ORLANDO WOOD, executor of the last will and testament of Almira L. Wood, deceased, et al.,

*v.*

MARIA LEMBCKE and THEODORE LEMBCKE.

[Submitted May 1st, 1907. Decided May 9th, 1907.]

A testatrix, after appointing an executor, directed the payment of her debts, and then blended her real and personal estate, giving to four children each one-sixth; to another child, one-sixth, less $800, charged as an advancement, and the remainder to the executor in trust for another child.—*Held,* that the executor had authority to convey real estate, since to make the division and establish the trust a sale of the real estate was necessary.

On bill for specific performance.

*Mr. Willard P. Voorhees,* for the complainants.

*Mr. W. Edwin Florance,* for the defendants.

BERGEN, V. C.

The last will and testament of Almira Wood, deceased, after appointing her son Orlando Wood executor, and directing that all of her debts be paid, reads as follows:

"*Third.* I give and bequeath unto my six children as follows: John E. Wood, Orlando Wood, Philip H. Wood and Almira M. Dunham each to have and to hold one-sixth part, equally each, of all that I may die pos-

sessed, either real or personal; as to the remainder, having advanced Ambrose Wood eight hundred dollars, he is to have one-sixth part, less the amount of eight hundred dollars, and as to the remaining one-sixth part of all I may die possessed of, I do order to be given in trust to Orlando Wood for the use of Mortimer Wood, to be paid to the said Mortimer Wood as his necessities may seem to require."

Since the death of the testatrix the executor named in the will and all of the children and legatees of the testatrix entered into a written agreement with the defendants, by the terms of which they agreed to convey to the defendants certain real estate of which the testatrix died seized, and the defendants bound themselves to purchase. The defendants having refused to comply with the agreement upon the ground that the will did not confer upon the executor any power of sale, the bill in this cause was filed to compel the specific performance of the contract of sale by the defendants. The only question raised which it is necessary to determine is that the executor is not vested, either expressly or by implication, with a power of sale, and therefore a marketable title is not offered.

The testatrix in and by her will appoints an executor to manage and settle her estate, and then blending her real and personal possessions gives to four of her children each a one-sixth part of the whole, to another one-sixth, less $800 charged as an advancement, and the remaining one-sixth to Orlando Wood, the executor, in trust for the use of another son. It thus appears that the testatrix intended an equal division of her entire estate, real and personal. What one-sixth would amount to, after the payment of debts, can only be ascertained after the executor has fulfilled the duties of his office and settled his final account, to determine which there must be a sale of all the real and personal estate, for the testatrix has, by her will, blended the two kinds of property into a common fund. It is a part of the duty of the executor to make the division required by the will and to hold at least one share in trust. "If the executor is directed by the will or bound by law to see to the application of the proceeds of the sale, or if the proceeds, in the disposition of them, are mixed up and blended with the personalty—which it is the duty of the executor to dispose of and pay over—then a power of sale is con-

ferred on the executor by implication." *Lippincott's Executor
v. Lippincott, 19 N. J. Eq. (4 C. E. Gr.) 121.* The proceeds of
this estate will, under this will, have to pass through the hands
of the executor in the form of money. To make the division
and establish the trust requires a sale of the land, and although
a power of sale is not expressly given it arises under the cir-
cumstances existing in this case by implication.

The result, therefore, is that the objection made by the de-
fendants is not well founded, and there being no other reason
offered why this contract should not be specifically performed,
it will be so decreed.